IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH RAY,
    Plaintiff
    v.
TIM WOLFE and PENNSYLVANIA
BOARD OF PROBATION AND PAROLE,
    Defendants

Case No. 3:09-cv-264-KRG-KAP

**Report and Recommendation**

Recommendation and Case Management Order

In October 2009, plaintiff Kenneth Ray filed a civil rights complaint under 42 U.S.C.§ 1983, alleging that defendants Tim Wolfe and the Pennsylvania Board of Probation and Parole violated his constitutional rights. Defendants filed a motion to dismiss, docket no. 22, which was referred to me after the death of Judge Hay. I recommend that defendants' motion be granted in part.

Meanwhile, the following pretrial schedule is established:

    1. Any nondiscovery motion shall be filed with a memorandum in support and responded to by the opposing party within twenty days. Discovery motions shall be supported by a letter brief no more than two pages in length and opposed by a letter brief no more than two pages long filed within five days thereafter. Absent order to the contrary, the filing of discovery motions shall not stay discovery or extend the time for the filing of pretrial statements.

2. Discovery shall be propounded on or before April 30, 2011, and completed by May 31, 2011.

3. Motions for summary judgment are not optional, and shall address at least the issue whether there is a genuine dispute of fact about the amount of force allegedly used by defendant Wolfe; they shall be filed on or before June 20, 2011.

4. Pretrial statements shall be filed after any dispositive motions are decided.

Report

Ray is an inmate at S.C.I. Somerset, serving a parole violation sentence imposed after he violated a curfew which was part of the conditions of his release plan. Ray alleges that when he went to the North Shore Parole Office in Pittsburgh on October 8, 2008, Wolfe arrested him and then, after Ray passed out as a result of the smell of one of his cell mates, Wolfe kicked him in the back of his head and in his neck and shoulders. The Fourth Amendment prohibits excessive use of force against arrestees; the Fourteenth Amendment prohibits excessive use of force against pretrial detainees; the Eighth Amendment prohibits excessive use of force against sentenced prisoners. Ray, whatever his precise status at the time, adequately alleges an excessive use of force claim against Wolfe.

Ray fails to state a claim against defendant Pennsylvania Board of Probation and Parole. Rule of Civil Procedure 8(a)(2)

requires a complaint to set forth "a short and plain statement of the claim **showing** that the pleader is entitled to relief." (my emphasis) The Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), that Rule 8 does not allow mere recitation of the legal elements of a cause of action, <u>id.</u> at 1965: a complaint must plead "enough **facts** to state a claim to relief that is plausible on its face." <u>Id</u>. at 1974. (my emphasis). The year after <u>Twombly</u>, the Court of Appeals for the Third Circuit explained:

> Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. <u>See</u> <u>Twombly</u>, 127 S.Ct. at 1965 n. 3.

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir.2008).

The following year, the Supreme Court amplified its discussion of the requirements of Rule 8 in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009):

> Two working principles underlie our decision in *Twombly*. **First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we **"are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct.

1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2). (my emphasis)

To show he is entitled to relief against the Board, Ray must allege that Wolfe's actions were taken pursuant to some custom or policy of the Board. Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). Otherwise, what a jury would be doing would be imposing liability under common law principles of respondeat superior. As the Third Circuit has observed:

A local government entity may be held liable under § 1983 only when the plaintiff demonstrates that the government entity itself caused the plaintiff's injury through the implementation of a policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We have said that **a policy is an official proclamation or edict of a municipality while a custom is a practice that is so permanent and well settled as to virtually constitute law**. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.1996) (citations omitted). The plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir.2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). It must be the policymaker's actions that "directly caused constitutional harm." Gottlieb ex. rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 175 (3d Cir.2001).

Wargo v. Schuylkill County, 348 Fed.Appx. 756, 760 (3d Cir.2009)(my emphasis). Ray does not allege that Wolfe's actions were due to Board policies or practices "so well settled as to virtually constitute law." His allegations begin and end with his individual interaction in one situation with one parole officer.

4

Because the defendant Board is an entity of the state government, the Eleventh Amendment prohibits this court from exercising jurisdiction over a suit against it for money damages. See <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974). Leave to amend the complaint is denied as futile.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: February 21, 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Kenneth Ray CJ-6269
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510