IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH RAY,
        Plaintiff

v.                             Case No. 3:09-cv-264-KRG-KAP

TIM WOLFE,
        Defendant

## Report and Recommendation

### Recommendation

In October 2009, plaintiff Kenneth Ray filed a civil rights complaint under 42 U.S.C.§ 1983, alleging that defendants Tim Wolfe and the Pennsylvania Board of Probation and Parole violated his constitutional rights. The remaining defendant, Wolfe, has filed a motion for summary judgment, docket no. 58, to which Ray has not timely replied. See docket no. 40 (pretrial schedule). I recommend that the defendant's motion be granted.

### Report

Ray is an inmate at S.C.I. Somerset, serving a parole violation sentence imposed after he violated a curfew which was part of the conditions of his release plan. Ray alleges that when he went to the North Shore Parole Office in Pittsburgh on October 8, 2008, Wolfe arrested him. Taking the allegations of the complaint and the deposition of the plaintiff in the most favorable light to plaintiff, after Ray passed out as a result of the smell of one of his cellmates, Wolfe roused him by kicking him in the back of his head and in his neck and shoulders. At the time of Ray's initial arrest and when Wolfe prodded Ray with his foot, Wolfe also used coarse language toward Ray. Ray was indignant

because, as he accurately stated, kicking someone to get his attention is (except for spitting), one of the most ignorant things a person can do. Ray deposition at 13, 34-48. (The deposition has two different sets of pagination, but it is short enough that reading it in full is a brief task.)

The Fourth Amendment prohibits excessive use of force against arrestees; the Fourteenth Amendment prohibits excessive use of force against pretrial detainees; the Eighth Amendment prohibits excessive use of force against sentenced prisoners. The improper use of force by a state official can violate the civil rights of an individual, see Smith v. Mensinger, 293 F.3d 641, 648-49 (3d Cir.2002), whether it causes serious or minor injury. Hudson v. McMillian, 503 U.S. 1 (1992); see also Hope v. Pelzer, 536 U.S. 730, 738 (2002). But some injury beyond transitory discomfort is necessary. Our Court of Appeals notes that the de minimis use of force does not violate the Eighth Amendment (and by analogy the Fourth and Fourteenth) because:

There exists some point at which the degree of force used is so minor that a court can safely assume that no reasonable person could conclude that a corrections officer acted maliciously and sadistically.

Reyes v. Chinnici, 54 Fed.Appx. 44, 48 (3d Cir.2002)(affirming summary judgment in favor of a corrections officer who a jury could have found to have punched a handcuffed prisoner.) In Burr v. Hasbrouck Heights Police Dept. 131 Fed.Appx. 799, 803 (3d Cir.2005), the Court of Appeals likewise observed, in affirming the

2

grant of summary judgment in favor of defendants on a plaintiff's Fourth Amendment claim that police officers who arrested her used unreasonable force:

> [E]ven viewing the facts and reasonable inferences therefrom in Burr's favor, it is fair to say that the Officers observed her running towards the door, and then, to prevent her from fleeing, grabbed her arms and put her on a stretcher. Id. As a result, her arms received some "small bruises." These facts do not suggest that the amount of force used was objectively unreasonable. Accordingly, [defendant officers] did not violate Burr's rights by forcibly restraining her.

That the use of force is not unreasonable even if less forceful methods may have served equally well is underscored in <u>James v. York County Police Dept.</u>, 160 Fed.Appx. 126, 134 (3d Cir.2005), <u>cert. denied</u>, 549 U.S. 897 (2006). There, the Court of Appeals affirmed the grant of summary judgment to police officers in a Fourth Amendment claim because a lack of injury contradicted a claim of excessive force. This was so, despite the Court of Appeals' assuming for purposes of argument that in the course of the routine arrest of plaintiff while he was picking up a suspected package of narcotics at a mailbox rental company, one police defendant deliberately hit the plaintiff with a police van to block his escape, and other officers threw him to the ground, roughly stepped on him, and handcuffed him. <u>Id.</u> at 129, 134.

Here, plaintiff alleges rude and unprofessional behavior by a parole officer, but admits that his primary reaction is one of outrage at the indignity with which he was treated at a time when he was under a great deal of stress (plaintiff Ray was working

3

two jobs, his fiancee was eight months pregnant, and his mother had just recently been life-flighted to the hospital for a heart attack), not that the force used was designed to or in fact caused him any physical harm. In Ray's words, it was "just all mental anguish, man." Ray deposition at 39, 48 and generally at 14-15, 33-47. A jury could believe Ray's account, and if it found that Wolfe acted as Ray described such behavior should not be condoned from any public servant. But even if a jury found that plaintiff Ray's account is true, Wolfe's behavior would not rise to the level of a civil rights deprivation. Judgment must be entered for Wolfe.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 11 October 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Kenneth Ray CJ-6269
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510

4